IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARIA F. BARROSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV1224 |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Maria Barroso ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I. PROCEDURAL HISTORY

Plaintiff filed her application for DIB on September 29, 2011, alleging a disability onset date of January 1, 2006, later amended to December 13, 2013. (Tr. at 12, 223-24.)[2] Her claim was denied initially (Tr. at 84-90, 125-28), and that determination was upheld on

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Record [Doc. #9].

reconsideration (Tr. at 91-102, 131-34).  Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative Law Judge ("ALJ").  (Tr. at 135-36.)  Plaintiff attended the subsequent hearing on August 21, 2013.

The ALJ ultimately concluded that Plaintiff was not disabled within the meaning of the Act.  (Tr. at 118.)  However, on August 11, 2014, the Appeals Council remanded the case to the ALJ for a new hearing.  (Tr. at 123-24.)  Plaintiff, represented by counsel, appeared and testified at a second administrative hearing on March 23, 2015.  (Tr. at 12.)  Following the second hearing, the ALJ again determined that Plaintiff was not disabled within the meaning of the Act.  (Tr. at 24.)  On September 9, 2016, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review.  (Tr. at 1-5.)

## II.     LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits."  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).  However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited."  Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981).  "The courts are not to try the case de novo."  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).  Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard."  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993)

(quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since December 13, 2013, her amended alleged onset date. Plaintiff therefore met

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

5

her burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments:

> multiple arthralgias; degenerative disc disease of the thoracic and cervical spine with right-sided sciatica; spondylosis of the lumbar spine; fibromyalgia; post-traumatic stress disorder; depression; and obesity.

(Tr. at 14.) The ALJ found at step three that none of these impairments, either individually or in combination, met or equaled any disability listing. (Tr. at 15-17.) Therefore, the ALJ assessed Plaintiff's RFC and determined that she could perform light work with myriad additional postural, manipulative, environmental, and mental limitations. (Tr. at 17.) Based on this determination, the ALJ determined at step four of the analysis that Plaintiff could not perform any of her past relevant work. (Tr. at 22.) However, the ALJ found at step five that, given Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert as to these factors, she could perform other jobs available in the national economy. (Tr. at 22-23.) Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. at 23-24.)

Plaintiff now raises multiple challenges to the ALJ's RFC assessment. Her principal challenge involves the ALJ's assessment of identical RFCs at Plaintiff's first and second hearings, despite (1) the ALJ's inclusion of multiple, additional severe and non-severe limitations at the second hearing and (2) the Appeals Council's admonition that the ALJ "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." (Pl.'s Br. [Doc. #12] at 7; Tr. at 17, 112, 123.) In addition, Plaintiff raises more specific challenges to the ALJ's (1) failure to account for Plaintiff's moderate limitations in

6

concentration, persistence, and pace as required by the Fourth Circuit's recent decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), (2) failure to account for Plaintiff's use of a cane, (3) failure to accord proper weight to the medical opinion evidence, and (4) failure to accord proper weight to Plaintiff's prior Medicaid decision. Having considered Plaintiff's contentions and the record presented, the Court finds that remand is required based on the ALJ's failure to provide a sufficient explanation for giving little weight to Plaintiff's favorable Medicaid decision, as further set out below. The Court therefore need not reach the additional contentions raised by Plaintiff.

With respect to the Medicaid decision, Plaintiff notes that on July 8, 2013, a State Hearing Officer for the North Carolina Department of Health and Human Services ("NCDHHS") found Plaintiff eligible for Medicaid for the period January 1, 2013 to June 30, 2014, under the Medicaid to the Disabled program. (Tr. at 371.) As provided at 20 C.F.R. § 416.904 and further explained in Social Security Ruling ("SSR") 06-03p, "a determination made by another agency that [the claimant is] disabled or blind is not binding on" the Social Security Administration ("SSA"). Rather, "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." Social Security Ruling 06-03p, Titles II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability By Other Governmental And Nongovernmental Agencies, 2006 WL 2329939, at *7 (Aug. 9, 2006) ("SSR 06-03p"). Nevertheless, the SSA is "required to evaluate all the evidence in the case record that may have a bearing on [its] determination or decision of disability, including decisions by other governmental and nongovernmental agencies. . . .

7

Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Id. at *6. Moreover, "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases." Id. at *7. [5]

In Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012), the Court of Appeals for the Fourth Circuit clarified the Commissioner's obligations under 20 C.F.R. § 404.1504 and SSR 06–03p. Specifically, the Fourth Circuit concluded that "in making a disability determination, the SSA must give substantial weight to [another agency's] disability rating," and "an ALJ may give less weight to [that agency's] disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Bird, 699 F.3d at 343. Although Bird involved a decision by the Veterans Administration ("VA") rather than the NCDHHS, subsequent case law within the Fourth Circuit has explicitly extended the holding in Bird to Medicaid decisions, noting that both the Medicaid and VA disability programs share markedly similar standards and requirements with the DIB and SSI programs at issue here. See, e.g., Baughman v. Colvin, No. 5:13–CV–143–FL, 2014 WL 3345030, at *7–8 (E.D.N.C. July 8, 2014) (unpublished) (remanding case for failure to explain consideration given to Medicaid decision, where "[a]pplying the same regulations governing

---

[5] The Court notes that for claims filed after March 27, 2017, these regulations have been amended and Social Security Ruling 06-03p has been rescinded. The new regulations provide that the Social Security Administration "will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits," 20 C.F.R. § 416.904; 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15263 (Mar. 27, 2017). In rescinding SSR 06-03p, the Social Security Administration noted that for claims filed on or after March 27, 2017, "adjudicators will not provide any articulation about their consideration of decisions from other governmental agencies and nongovernmental entities because this evidence is inherently neither valuable nor persuasive to us." 82 Fed. Reg. 15263. However, the claim in the present case was filed before March 27, 2017, and the Court has therefore analyzed Plaintiff's claims pursuant to the guidance set out above.

8

SSA determinations, the NCDHHS determined that Claimant was limited to performing sedentary work, which resulted in a directed finding of disabled"); Gaskins v. Colvin, No. 3:12–CV–81, 2013 WL 3148717, at *3-4 (N.D. W. Va. June 19, 2013) (unpublished) (holding that even if the evidence of the Medicaid decision is "conclusory," "the Social Security Administration's own internal policy interpretation rulings affirmatively require[ ] the ALJ to consider evidence of a disability decision by another governmental agency," and these regulations "do not limit the required review of other agency's disability determinations to cases where the decision is substantive" because "to the extent that Medicaid decisions employ the same standards as the Social Security Administration uses in disability determinations, such decisions are probative in situations such as the instant one where an agency has applied the same rules yet reached the opposite result from the Social Security Administration" (internal quotations and brackets omitted)).

"Consequently, in order to satisfy SSR 06–03p and Bird an ALJ must meaningfully articulate how substantial evidence supports a conclusion that the disability determination of another agency is entitled to limited or no weight." Trammell v. Berryhill, 1:16CV586, 2017 WL 3671177, at *3 (M.D.N.C. Aug. 24, 2017); see also Bird, 699 F.3d at 343; Adams v. Colvin, No. 5:14–CV–689–KS, 2016 WL 697138, at *4 (E.D.N.C. Feb. 22, 2016) (unpublished); Hildreth v. Colvin, No. 1:14CV660, 2015 WL 5577430, at *4 (M.D.N.C. Sept. 22, 2015) (unpublished). If the ALJ fails to provide this explanation, the case must be remanded to develop an adequate record for review. See Baughman, 2014 WL 3345030, at *8; Hildreth, 2015 WL 5577430, at *5. This requirement is consistent with the more general requirement that the ALJ "'must build an accurate and logical bridge from the evidence to [the]

conclusion.'" Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

In the present case, the Medicaid approval form notes that Plaintiff's Aid Program Category was Medicaid to the Disabled, which is the North Carolina Department of Health and Human Services program of medical assistance for individuals under age 65 who meet Social Security's definition of disability. (Tr. at 371; 10a N.C. Admin. Code 23E.0105(b) (2018).) The approval covered the time period from January 1, 2013 to June 30, 2014, also at issue in this case. Thus, it appears that as in Bird, the agency decision "resulted from an evaluation of the same condition[s] and the same underlying evidence that was relevant to the decision facing the SSA." Bird, 699 F.3d at 343. Nevertheless, the ALJ weighed that determination as follows:

> The claimant was approved for Medicaid benefits on July 8, 2013. The undersigned has considered the award of Medicaid but gives this decision little weight, since the criteria for eligibility for Medicaid is not the same as qualifying for Social Security disability.

(Tr. at 21.) However, as noted by Plaintiff, "the North Carolina Department of Health and Human Services uses Social Security regulations to determine eligibility." (Pl.'s Br. [Doc. #12] at 13.) On this point, Defendant does not contend that the ALJ's assertion is correct or that the criteria for eligibility for Medicaid to the Disabled would be different than the criteria for Social Security disability. Instead, Defendant contends that "the ALJ explicitly considered the Medicaid decision but found that it was entitled to little weight because it did not establish that Plaintiff was entitled to disability benefits under the Act." (Def.'s Br. [Doc. #14] at 16.) However, the ALJ did not make that finding or rely on the basis that Defendant now suggests. Defendant similarly suggests that the ALJ properly gave little weight to the Medicaid

determination because "[t]he record did not contain any indication of what medical evidence the state's favorable Medicaid decision was based upon." (Def.'s Br. [Doc. #14] at 16 (citing Lail v. Colvin, No. 13-0089 2014 WL 4793234, at *6 (W.D.N.C. Sept. 25, 2014)). However, the ALJ did not make such a finding or rely on such a basis in this case. Ultimately, the reason actually given by the ALJ does not provide a sufficient basis for concluding that the Medicaid decision is entitled to no weight, and the ALJ's failure to provide any other explanation, including any of the explanations proffered by Defendant, leaves the Court without a sufficient basis for judicial review. See Hildreth v. Colvin, No. 1:14CV660, 2015 WL 5577430, at *4 (M.D.N.C. Sept. 22, 2015) (unpublished) ("The ALJ's assessment of Plaintiff's VA disability ratings runs afoul of Bird in two significant respects. First, the ALJ's statement that she was 'not bound by' the VA's disability ratings because the VA's disability standards differed from those of the Social Security Administration disregards Bird's holding to the contrary that, '[b]ecause the purpose and evaluation methodology of both programs are *closely related*, a disability rating by one of the two agencies is *highly relevant* to the disability determination of the other agency.' . . . Second, the ALJ failed to identify *any* grounds (let alone grounds that would amount to a clear demonstration under Bird) for affording the VA ratings less than substantial weight. . . . . Further, citing to 'different rules and different standards' as a rationale to give less than substantial weight to a VA disability determination is not enough, because such a rationale would apply to every case, and thus cannot clearly demonstrate a reason for departing from the Bird presumption")(emphasis in original); see also Anderson v. Colvin, No. 1:10CV671, 2014 WL 1224726, at *3 (M.D.N.C. Mar. 25, 2014) ("Review of the ALJ's ruling is limited further by the so-called '*Chenery Doctrine*,' which prohibits courts from

considering *post hoc* rationalizations in defense of administrative agency decisions. . . . Under the doctrine, a reviewing court 'must judge the propriety of [agency] action solely by the grounds invoked by the agency. . . . If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.'" (quoting Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947)). In the circumstances, the ALJ's failure to provide a sufficient explanation for disregarding the NCDHHS determination under the same regulatory scheme cannot be said to constitute harmless error. Accordingly, this case merits remand under 42 U.S.C. § 405(g).[6] This does not mean that Plaintiff is disabled under the Act, and the undersigned expresses no opinion on that matter. Nevertheless, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. Having so concluded, the Court need not consider the additional issues raised by Plaintiff at this time, and any of those issues can be further considered on remand.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent,

---

[6] In addition, the Court notes that in concluding that Plaintiff was not disabled, the ALJ substantially relied on 2012 consultative evaluations and the conclusions of state agency consultants from 2012, prior to the December 13, 2013 amended alleged onset date. However, these 2012 evaluations and conclusions did not necessarily take into account later evidence that was apparently considered by NCDHHS in finding that Plaintiff was disabled. Because the ALJ failed to fully address the Medicaid determination, and failed to obtain medical expert evaluation of the later evidence for the period after the amended alleged onset date, the Court cannot determine how the ALJ resolved these issues or whether substantial evidence supports the ALJ's conclusions, but on remand the ALJ can consider in particular the evidence on and after the amended alleged onset date and whether medical expert testimony or consultation is necessary.

Defendant's Motion for Judgment on the Pleadings [Doc. #13] should be DENIED, and Plaintiff's Motion for Judgment on the Pleadings [Doc. #11] should be GRANTED. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be DENIED.

This, the 27th day of February, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge